Totten, J.,
delivered the opinion of the court.
On the 4th February, 1850, John O. Cosby and Adam Fer-gusson filed their petition in the county court of Smith against Jeremiah Jamison, asking to be released as his sureties for the guardianship of Elizabeth, Harvey and Grant Hogey.
Th'e defendant, being notified, appeared and resisted the application, and it being refused by the county court, the sureties appealed to the circuit court, where, at July term 1850, it was considered that the sureties were entitled to relief as prayed for in their petition, and accordingly the judgment of the county court was reversed and a procedendo awarded to that court. From this judgment, the guardian has appealed in error to this court.
It appears from the record, that said guardian was appointed by the county court of Smith, at February term, 1843, and that said petitioners and others became sureties in his bond; *274 that said Jamison renewed his bond as guardian in 1846, 1848 and 1850, with good and sufficient sureties, other than petitioners ; said renewals being made before the county court in conformity to the provisions of the act-of 1842, ch. 117.
And now, the defence is, that the legal effect of these renewals, is to release the sureties of 1843, and being already released, their petition contains no matter upon which the court should take any action.
To determine this question, we must recur to the several statutes on this subject. The act of 1762, ch. 5, sec. 21, is in these words: “Where any person who shall be the security for the estate of any orphan, shall conceive himself in danger by reason thereof, and petition the court where such security was entered into for relief, it shall be lawful for such court, upon petition to them exhibited, forthwith to order summons to issue against the party or parties, with and for whom the petitioner stands bound, returnable to the next court; and thereupon to compel such party or parties to give sufficient other or counter security, to be approved by said court, or to deliver said estate to said petitioner or such person as the court shall direct; or they may and are hereby empowered to make such other order or rule therein for the relief of the petitioner, and better securing such orphan’s estate, as to them shall appear just and equitable.”
The act of 1829, ch. 15, sec. 2, provides, that upon the application of the sureties, who shall conceive themselves in danger, it shall be the duty of the court to compel the “guardian to give other sufficient counter security, to be approved of by said court, or to deliver up the estate of the minor or minors, as the case may be, in his hands, to such other guardian or guardians as the court may appoint.”
The of act 1813, ch. 119, sec. 5, applies to sureties in administrator’s bonds, and with that exception, is in the words of the 21st section of the act of 1762, before cited, and the act 1825, *275 cR. 62, extends its provisions likewise to the case of sureties in executor’s bonds.
Now what is the proper construction of these statutes? In Harrison vs. Turberville 2 Hum. Rep. 245, where the case turned upon the construction of the act of 1813, ch. 119, it was held, that the county court had the power, in virtue of said statute, to release the sureties in an administrator’s bond, and to take others in their stead: and it was further held, that the sureties thus released, were discharged from all past as well as future liability arising upon their said suretyship; and that the other sureties substituted for those that were released, incurred liability as such, co-extensive in all respects, with the liability of the sureties for whom they were substituted; that is, they assume and take upon themselves the obligations and responsibilities, as to the past conduct of the guardian, which rested upon the former sureties, before they were released. Turley, Judge, in delivering the opinion of the court says; “We think that it was intended that the court should have power to discharge one set of securities from previous as well as subsequent liability, by substituting others in their stead, who shall be bound as if they had been the first. No harm can be done by this; the security is taken for the benefit of creditors and distributees, and if the court does its duty, they can be as well protected by the second securities as the first. The court is as competent to take good security in the second instance as in the first, and the presumption is, that it will do so. The second securities have río right to complain; they signed the bond with the knowledge that the first were seeking their_discharge, and agreed to be substituted in their stead.”
The case of Polk vs. Wisener, 2 Hum. Rep. 522, is upon the construction of the same statute; and maintaining the doctrine of the former case, it was further held, that the power of the county court to release the sureties could only be exer *276 cised by making, at the sametime, other provision for the security of the estate, as by taking another bond, with good and sufficient sureties, as required by the statute; and unless this were done, the former sureties were not released, notwithstanding any order made to that effect.
We consider this a sound and proper construction of the statute in question; and it is very evident, that it must likewise apply, in all respects, to the 21st section of the act, 1762, ch. 5, in reference to sureties in guardian bonds, as the provisions of the two statutes for the benefit of sureties are precisely the same. In Steele vs. Reese & Smith, 6 Yerg. R. 263, the surety of a guardian, had compelled him to give a new bond and other sureties, and it was held, that the latter sureties were bound retrospectively for the guardianship from the time of the original appointment. This being true, it is but a fair construction to hold, that the former sureties should be considered as released from that liability which the latter had assumed.
Now this being the state of the law prior to the act of 1842, ch. 117, what change is effected by that statute? It provides in effect, that the guardian shall renew his bond before the county court every two years, at which time, he shall render to the court, a statement of the property and effects of the ward, and such guardian and the surety then given, shall be bound in the first instance therefor, and for the performance of all the duties of guardian; that on failure of the guardian to comply with this act, it shall be the duty of the court to remove him and appoint another.
The act does not provide that the former sureties shall be released; their liability continues unless, released in conformity to the provisions of the former statutes referred to: the new sureties are cumulative to the former, and so upon each renewal, the sureties are cumulative. They are not liable to suit or action at the same time, or to make payment at the *277 same time, but are liable in the order indicated by the statute, that is, the last sureties taken under the statute, shall be first liable, and so in that order.
As to the extent of the liability, we think that the true construction of the statute is, that it-extends not only to the future action of the guardian, but relates-back to his first appointment, and is co-extensive with the guardianship. It is intended by the statute, that the guardian shall exhibit before the court, at the renewal of his bond, a statement of the entire property and effects of his ward, and that the bond shall be taken in double the value of the estate-. The surety agrees to become bound for the guardian to that extent, and it should not be competent for him to aver, that the guardian had wasted any portion of the estate at a former period. Such construction would involve the ward in inextricable confusion and difficulty, as he would rarely be able to show at what time the waste or other injury was committed, or what surety was bound to make the indemnity ; and besides, the statute says, that the security then given, shall be bound in the first instance and for the performance of all the duties of guardian.
Now to apply these statutes, thus construed to the present case : the sureties of 1843 are still liable, but those taken since that time, upon the several renewals of the bond, are first liable in the order before stated. It is competent for the county Court to release the sureties of 1843, by substituting others in their stead ; it is merely a substitution of one set of sureties for another; of one bond for another, arid it does not diminish or lessen the security of the estate. We have seen that the court has no power to relieve the sureties on their petition, without making other provision for the preservation and management of the estate as required by the statute. The petitioners are only part of the sureties in the bond of 1843 ; a release of them will, therefore, operate as a release of their co-sureties in the same bond. But a release of one set of *278 sureties by action of the county court under these statutes, will not in anywise affect or impair the obligation of another set of sureties in a prior or subsequent bond.
The judgment of the circuit court will be affirmed, and a procedendo awarded to the county court to take such action upon said petition as required by law.
Judgment affirmed.